THE BOSTON & MAINE RAILROAD *vs.* JOSEPH H BARTLETT & another.

A proposition in writing to sell land, at a certain price, if taken within thirty days, is a continuing offer, which may be retracted at any time ; but if, not being retracted, it is accepted within the time, such offer and acceptance constitute a valid contract, the specific performance of which may be enforced by a bill in equity.

THIS was a bill in equity for the specific performance of a contract in writing.

The plaintiffs alleged, that the defendants, on the 1st of Apr'l, 1844, being the owners of certain land situated in Boston, and particularly described in the bill, " in consideration that said corporation would take into consideration the expediency of buying said land for their use as a corporation, signed a certain writing, dated April 1st, 1844," whereby they agreed to convey to the plaintiffs " the said lot of land, for the sum of twenty thousand dollars, if the said corporation would take the same within thirty days from that date ; " that afterwards and within the thirty days, the defendants, at the request of the plaintiffs, ".and in consideration that the said corporation agreed to keep in consideration the expediency of taking said land," &c., extended the said term of thirty days, by a writing underneath the written contract above mentioned, for thirty days from the expiration thereof; that, on the 29th of May, 1844, while the extended contract was in full force, and unrescinded, the plaintiffs elected to take the land on the terms specified in the contract, and notified the defendants of their election, and offered to pay them the agreed price (producing the same in money) for a conveyance of the land, and requested the defendants to execute a conveyance thereof, which the plaintiffs tendered to them for that purpose ; and that the defendants refused to execute such conveyance, or to perform the contract, and had ever since neglected and refused to perform the same.

The defendants demurred generally.

*J. P. Healy*, for the defendants, contended, that there was no allegation in the bill of a consideration for the contract, as originally made, or as extended ; and, consequently, that the same was not enforceable either at law or in equity.  *Howel* v. *George*, 1 Madd. 1 ; 2 Story, Eq. § 787 ; *Brownsmith* v. *Gilborne*, 2 Str. 738 ; *Colman* v. *Sarel*, 2 Brown's C. 12 ; 1 Madd. C. 328 ; 1 Fonblanque, 42.  The counsel also referred to 1 Harr. Dig. 603 ; *Burnet* v. *Bisco*, 4 Johns. 235 ; *Tucker* v. *Woods*, 12 Johns. 190 ; *Bean* v. *Burbank*, 4 Shepl. 458. .

*G. Minot,* (with whom was *R. Choate,*) for the plaintiffs, suggested, that if the demurrer was sustained, it would not be for the reason stated, but on the authority of *Cooke* v. *Oxley,* 3 T. R. 653, and *Tucker* v. *Woods,* 12 Johns. 190, which are not now law. The question is one of mutuality rather than of consideration. The offer of the defendants was a continuing one, which might have been withdrawn at any time ; but, when accepted, the effect was the same, as if the offer had only been made the moment before. Such an offer requires no consideration. When accepted, there is promise for promise.

The case of *Cooke* v. *Oxley* is overruled by *Adams* v. *Lindsell,* 1 B. & Ald. 681 ; *Mactier* v. *Frith,* 6 Wend. 103 ; *Peru* v. *Turner,* 1 Fairf. 185 ; *Kennedy* v. *Lee,* 3 Merivale, 441 ; *Averill* v. *Hedge,* 12 Conn. 424 ; *Carr* v. *Duval,* 14 Pet. 77 ; 1 Sugden on Vendors, 164 ; *M'Culloch* v. *Eagle Ins. Co.,* 1 Pick. 278. It is virtually overruled by the following cases decided by this court : *Thayer* v. *Middlesex Mut. Fire Ins. Co.,* 10 Pick. 326 ; *Foster* v. *Boston,* 22 Pick. 33 ; *Bird* v. *Richardson,* 8 Pick. 252. See also the remarks in 20 Am. Jurist, 17, on the case of *Cooke* v. *Oxley,* and the case of *Hamilton* v. *Lycoming Mut. Ins. Co.,* 5 Barr, 339, in which it was virtually overruled.

*Healy,* in reply, said that in all the cases cited for the plaintiffs, except the last, there was a consideration.

FLETCHER, J.* In support of the demurrer, in this case, the only ground assumed and insisted on by the defendants is, that the agreement on their part was without consideration, and therefore not obligatory. In the view taken of the case by the court, no importance is attached to the consideration set out in the bill, namely, "that the plaintiffs would take into consideration the expediency of buying the land." The argument for the defendants, that their agreement was not binding, because without consideration, erroneously assumes that the writing executed by the defendants is to be consid-

---

* WILDE, J., did not sit in this case.

ered as constituting a contract at the time it was made.  The decision of the court in Maine in the case of *Bean* v. *Burbank*, 4 Shepl. 458, which was referred to for the defendants, seems to rest on the ground assumed by them in  his case.

In the present case, though the writing signed by the defendants was but an offer, and an offer which might be revoked, yet while it remained in force and unrevoked, it was a continuing offer during the time limited for acceptance ; and, during the whole of that time, it was an offer every instant, but as soon as it was accepted, it ceased to be an offer merely, and then ripened into a contract.  The counsel for the defendants is most surely in the right, in saying that the writing when made was without consideration, and did not therefore form a contract.  It was then but an offer to contract ; and the parties making the offer most undoubtedly might have withdrawn it at any time before acceptance.

But when the offer was accepted, the minds of the parties met, and the contract was complete.  There was then the meeting of the minds of the parties, which constitutes and is the definition of a contract.  The acceptance by the plaintiffs constituted a sufficient legal consideration for the engagement on the part of the defendants.  There was then nothing wanting, in order to perfect a valid contract on the part of the defendants.  It was precisely as if the parties had met at the time of the acceptance, and the offer had then been made and accepted and the bargain completed at once.

A different doctrine, however, prevails in France, and Scotland, and Holland.  It is there held, that whenever an offer is made, granting to a party a certain time within which he is to be entitled to decide, whether he will accept it or not, the party making such offer is not at liberty to withdraw it before the lapse of the appointed time.  There are certainly very strong reasons in support of this doctrine.  Highly respectable authors regard it as inconsistent with the plain principles of equity, that a person, who has been induced to rely on such an engagement, should have no remedy in case of disappointment.  But, whether wisely and equitably or not,

the common law unyieldingly insists upon a consideration, or a paper with a seal attached.

The authorities, both English and American, in support of this view of the subject, are very numerous and decisive; but it is not deemed to be needful or expedient to refer particularly to them, as they are collected and commented on in several reports as well as in the text books. The case of *Cooke* v. *Oxley*, 3 T. R. 653, in which a different doctrine was held, has occasioned considerable discussion, and, in one or two instances, has probably influenced the decision. That case has been supposed to be inaccurately reported; and that in fact there was in that case no acceptance. But, however that may be, if the case has not been directly overruled, it has certainly in later cases been entirely disregarded, and cannot now be considered as of any authority.

As, therefore, in the present case, the bill sets out a proposal in writing, and an acceptance and an offer to perform, on the part of the plaintiffs, within the time limited, and while the offer was in full force, all which is admitted by the demurrer, so that a valid contract in writing is shown to exist, the demurrer must be overruled.